UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REUBEN SCHULZ,

                Plaintiff,

v.                                                       Case No. 20-cv-0963-bhl

JOHN DOES,

                Defendant.

## DECISION AND ORDER

Plaintiff Reuben Schulz, who was incarcerated at Kettle Moraine Correctional Institution when he filed his complaint, is representing himself in this 42 U.S.C. §1983 case. On August 20, 2020, the Court screened his complaint and allowed him to proceed on Eighth Amendment deliberate indifference claims against two John Doe correctional officers from the Marathon County Jail. Dkt. No. 7. Because Schulz did not know the officers' names, the Court directed the U.S. Marshals Service to serve Marathon County Sheriff Scott R. Parks for the limited purpose of helping Schulz identify the Does. The Court ordered Schulz to identify the Does within sixty days of Sheriff Parks' counsel filing a notice of appearance.

On September 17, 2020, Schulz filed a motion to extend the deadline by which he had to identify the Does. Dkt. No. 10. He informed the Court that he was set to be released from prison in December 2020, and he asked for the deadline to be extended to three months after his release to allow him time to get settled. The Court granted his motion and ordered him to file a motion identifying the Does by March 1, 2021. Dkt. No. 11. The Court warned Schulz that "[f]ailure to

timely file such a motion or a letter explaining why he is unable to identify the John Doe defendants may result in the defendants, and therefore the case, being dismissed." *Id.* at 3.

Schulz failed to comply with the Court's order to identify the Does by March 1. In fact, the Court has not heard from Schulz since his September 2020 motion. The Wisconsin Department of Corrections online inmate locator, *see* https://appsdoc.wi.gov/lop/detail.do, confirms that Schulz was released from custody on December 1, 2020, yet he made no effort to update the Court with his current contact information. This, combined with Schulz's failure to comply with the Court's order, leads to the conclusion that Schulz is no longer interested in pursuing this case. As such, the Court will dismiss this case based on Schulz's failure to diligently prosecute it. *See* Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action …, the Court may enter an order of dismissal with or without prejudice.") Given that this case was only in its early stages and that Schulz's complaint was never served on the defendants, the dismissal will be without prejudice. Schulz may pursue his claims in a new case subject to the relevant statute of limitations. If he does so, he will have to pay a new filing fee.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** based on Schulz's failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin this 3rd day of March, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge